THIRD DEPARTMENT, NOVEMBER, 1940.
(November 13, 1940.)

FRED M. CRAIN, Plaintiff, v. EMANUEL WEINBERG and FANNIE WEINBERG and Others, Defendants.— Motion to extend time within which to perfect appeal granted. Motion for stay denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Petition of the CITY NATIONAL BANK OF BINGHAMTON and LAVERNE M. TWINING for the Probate of the Last Will and Testament of MAY ELIZABETH WHITE, Deceased.— Motion to dismiss appeal denied. Notice of appeal may be served *nunc pro tunc* on Sackett, Chapman, Brown & Gross and Cadwalader, Wickersham & Taft. Case may be added by stipulation to the November Order and General Calendar Term. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

THEODORE MANCINI, as Administrator, etc., of JOSEPH MANCINI, Deceased, Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF ITHACA, Respondent.— This is an appeal from a judgment of no cause of action and from an order denying plaintiff's motion for a new trial and from an order, entered upon the minutes, denying plaintiff's motion for a directed verdict in his favor. A high school boy who had had heart disease from the time of his birth and who had been examined by the defendant's school authorities, who knew his condition and who prescribed no exercise, was allowed to engage in a basketball scrimmage. He collapsed shortly afterwards and died in the gymnasium of the defendant. This boy had been a pupil in the school for some years and his condition was well known to the school authorities. Outside of school hours he played basketball with teams not connected with the school, he played softball in the summers and did some work. The evidence shows that any form of violent exercise would have a tendency to hasten the progress of the ailment which he had. The evidence is uncontradicted that he would not have lived more than four or six years. The court stated that the burden of proof was upon the plaintiff to establish, by a fair preponderance of evidence, that it was the fault of the defendant in failing to observe and obey the command of the statute that, to a certain extent at least, hastened the death of this boy and deprived the parents of his support. The court said that if the defendant's negligence led to the hastening of the boy's death then the verdict should be for the plaintiff. It was a question of fact for the jury under all the evidence in the case. Judgment and order appealed from unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

JOSEPH PAGANO, an Infant, by DOMENICA PAGANO, His Guardian ad Litem, Appellant, v. BOSTON, ALBANY, ROCHESTER, BUFFALO EXPRESS, INC., and JOSEPH W. LINEBERRY, Respondents. CARMELO PAGANO, JR., an Infant, by DOMENICA PAGANO, His Guardian ad Litem, Appellant, v. BOSTON, ALBANY, ROCHESTER, BUFFALO EXPRESS, INC., and JOSEPH W. LINEBERRY, Respondents.— Appeal by plaintiffs (two passengers) from a judgment entered upon the jury's verdict of no cause of action. The infant plaintiffs and four other persons were riding in an automobile traveling in a westerly direction on Route 5 near Oneida. The automobile collided with a truck owned by the corporate defendant and driven

by the defendant Lineberry. Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Crapser, J., dissents; Hill, P. J., and Foster, J., concur upon the grounds that while the preponderance of evidence in favor of the plaintiffs-appellants is not too impressive, four other occupants of the automobile have recovered verdicts on a previous trial; Bliss and Heffernan, JJ., concur on the ground that the verdicts are against the weight of the evidence; Crapser, J., dissents and votes to affirm upon the grounds that no criticism of the trial or charge was made, and the judge presiding at the trial refused to set aside the verdict.